**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS<br>4115 Chesapeake Street, N.W.,<br>Washington, D.C. 20016, | )<br>)<br>)<br>)<br>)<br>) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PIPE LINE EMPLOYERS HEALTH AND WELFARE FUND<br>1125 Seventeenth Street, N.W.<br>Washington, D.C. 20036, | )<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PLCA NATIONAL PIPELINE TRAINING FUND<br>1125 Seventeenth Street, N.W.<br>Washington, D.C. 20036, | )<br>)<br>)<br>)<br>) **C O M P L A I N T**<br>) |
| Plaintiffs, | ) |
| v. | ) |
| US CROSSINGS UNLIMITED, LLC<br>40397 National Road<br>Belmont, Ohio 43718, | )<br>)<br>) |
| Serve: Statutory Agent<br>Mike Lind<br>41670 National Road<br>Belmont, Ohio 43718, | )<br>)<br>)<br>) |
| Defendant. | ) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMGES
DUE TO EMPLOYEE BENEFIT FUNDS)**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the

following:

**PARTIES**

1.     Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund").  The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2.     Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The

Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

      3.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipe Line Training Fund ("Pipe Line Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  The Pipe Line Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Pipe Line Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust.  The Pipe Line Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The Board of Trustees is the designated fiduciary in accordance with the Pipe Line Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

      4.      Defendant, US Crossings Unlimited, LLC is an Ohio limited liability company that has a place of business at 40397 National Road, in Belmont, Ohio, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

5. This is an action to collect contributions due to employee benefit plans under the terms of a collective bargaining agreement. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

6. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

7. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

8. Defendant has been bound to and signatory at all relevant times to the National Pipe Line Agreement that governs the wages, benefits and terms and conditions of employment of apprentices and journeymen performing work covered by the Agreement.

9. Pursuant to the Agreement, Defendant agreed to pay to the Plaintiffs certain sums of money for each hour worked by employees of the Defendant performing work covered by the Agreement.

10. During the period of January 2018 to the present, Defendant employed employees performing work under the Agreement.

11. For various months during the period of January 2018 through the present, the Defendant failed to report hours worked and pay all contributions owing to the Plaintiffs as required under the Agreement.

12. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

13. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

14. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, an employer who fails to pay required contributions is liable for all attorneys' fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES TO EMPLOYEE BENEFIT FUNDS)

15. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16. The Defendant has failed to report hours worked and pay contributions owed to the Plaintiffs as required by the Agreement for the various months during the period January 2018 through the present in the amount of $33,036.35.

17. By virtue of the failure to report and pay all contribution amounts as contractually required, the Defendant is in contravention of the Agreement, the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

18. The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiffs.

19. The Plaintiffs are entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

20. The Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant on Count I of the Complaint as follows:

A. For unpaid contributions due and owing to the Plaintiffs for work performed during the months of January 2018 up to the date of judgment.

B. For liquidated damages and interest for any late-paid and unpaid contributions owed as provided for in the Agreement and Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. For such contributions, interest and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiffs subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreement, Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

D. For costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Plaintiffs' Restated Agreements and Declarations of Trust up to the date of judgment.

E. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: October 24, 2018         By:     /s/ Charles W. Gilligan
                                        Charles W. Gilligan (Bar No. 394710)
                                        **O'DONOGHUE & O'DONOGHUE LLP**
                                        5301 Wisconsin Avenue, N.W.
                                        Suite 800
                                        Washington, D.C. 20015
                                        Telephone: (202) 362-0041
                                        Facsimile: (202) 237-1200

                                        *Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 24th day of October, 2018 on the following:

>   The Office of Division Counsel
>   Associate Chief Counsel (TE/GE) CC:TEGE
>   Room 4300
>   1111 Constitution Avenue
>   Washington, DC  20224
>
>   Secretary of Labor
>   200 Constitution Ave., N.W.
>   Washington, DC  20210
>
>   Attention:  Assistant Solicitor for
>             Plan Benefits Security

>                               /s/ Charles W. Gilligan
>                               Charles W. Gilligan